UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IVAN V. CLEVELAND,<br><br>    Plaintiff,<br><br>    v.<br><br>L. MANDICH, et al.,<br><br>    Defendants. | Case No. 21-CV-03993-LHK<br><br>**ORDER TO SHOW CAUSE**<br><br>Re: Dkt. No. 10 |

Plaintiff filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 ("Complaint"), and an in forma pauperis motion ("IFP"). Dkt. Nos. 1, 2. The Court informed plaintiff that he had failed to file a complete IFP motion and that he needed to complete an IFP motion within twenty-eight days or face dismissal. Dkt. No. 3. After plaintiff failed to respond, the Court dismissed this action. Dkt. No. 4. Following a request from plaintiff, Dkt. No. 6, the Court reopened this action, Dkt. No. 7. The Court gave plaintiff two extensions of time to complete his IFP motion. *See* Dkt. Nos. 7, 9. Plaintiff now has completed his IFP motion. Dkt. No. 10.

Because plaintiff has three strikes under 28 U.S.C § 1915(g), the Court orders plaintiff to show cause why his motion for leave to proceed IFP should not be denied, and this action should not be dismissed pursuant to section 1915(g).

## I. BACKGROUND

Plaintiff is incarcerated at the Correctional Training Facility ("CTF") in Soledad, California. Compl. at 1.[1]

Plaintiff filed the Complaint on May 16, 2021. *See id*. at 21 (stating, under penalty of perjury, that plaintiff placed the Complaint into the prison mail system on this date); *see also Houston v. Lack*, 487 U.S. 266, 270-71 (1988) (announcing the prison mailbox rule). He sues six defendants: Nurses Mandich, Simon, and Perry; Chief Nurse Executive Mahoi ("CNE Mahoi"); Correctional Officer Jones; and Warden "Conick." Compl. at 2, 7.

Plaintiff represents that the Covid-19 virus was introduced to CTF sometime in 2020. *See id*. at 10. Sometime "[i]n November of 2020, the plaintiff tested positive for covid-19 and was moved to G-Wing with other infected inmates." *Id*.

On November 26, 2020, plaintiff began to suffer respiratory problems. *See id*. An "assigned building officer" sent plaintiff to the medical unit. *Id*.

When plaintiff arrived at the medical unit, Correctional Officer Jones, the "desk officer," logged plaintiff's arrival and sent plaintiff to an examination room. *See id*. at 10-11. Nurse Mandich subsequently entered the examination room, but refused to treat plaintiff. *See id*. at 11. Nurse Mandich sent plaintiff back to G-Wing. *See id*. Plaintiff returned to his cell. *See id*.

On November 27, 2020, non-defendant Nurse Lopez discovered plaintiff in distress. *See id*. Nurse Lopez called for medical assistance, and plaintiff was transported to the hospital. *See id*. Plaintiff was diagnosed with "Covid Pneumonia," and remained in the hospital until December 7, 2020. *See* Compl., Ex. A at 4.

CNE Mahoi investigated Nurse Mandich's decision not to treat plaintiff on November 26, 2020. *See* Compl. at 3, 6-9, 13-14. CNE Mahoi concluded that Nurse Mandich "did nothing wrong." *Id*. at 13. Plaintiff contends that CNE Mahoi, Correctional Officer Jones, and Nurses Simon and Perry conspired to cover up Nurse Mandich's wrongdoing. Compl. at 7-9.

---

[1] Because plaintiff's page numbering is inconsistent, the Court uses the page numbers assigned by the Electronic Court Filing System.

1    Plaintiff contends that Nurse Mandich acted with deliberate indifference to plaintiff's
2    medical needs when Nurse Mandich refused to treat plaintiff on November 26, 2020.  *See* Compl.
3    at 15-16.  Plaintiff contends that CNE Mahoi, Correctional Officer Jones, and Nurses Simon and
4    Perry acted with deliberate indifference when they conspired to cover up Nurse Mandich's
5    wrongdoing.  *See id.* at 16-17.  Plaintiff does not identify any actions taken, or left undone, by the
6    Warden of CTF.  *See generally, id.*

7    As relief, plaintiff asks for "compensatory damages" of $95,000; for "punitive damages" of
8    $500,000; and for Nurse Mandich to be investigated.  *See id*. at 18, 3.

## II. LEGAL STANDARD

The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996.  It provides that a prisoner may not bring a civil action IFP under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  Relying on the statute's command that "*in no event*" may such a prisoner proceed, the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") explained that this bar is triggered by a prisoner's history of filing frivolous litigation rather than by the merits of the current action.  *See El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (emphasis in original).

For purposes of a dismissal that may be counted under section 1915(g), the phrase "fails to state a claim on which relief may be granted" parallels the language of Federal Rule of Civil Procedure 12(b)(6) and carries the same interpretation, the word "frivolous" refers to a case that is "of little weight or importance: having no basis in law or fact," and the word "malicious" refers to a case "filed with the 'intention or desire to harm another.'"  *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005) (citation omitted).  Dismissal of an action under section 1915(g) occurs if "the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  *Id.*

3

Case No. 21-CV-03993-LHK
ORDER TO SHOW CAUSE

*Andrews* requires that the prisoner be given notice of the potential applicability of section 1915(g), by either the district court or the defendants, but also requires the prisoner to bear the ultimate burden of persuasion to show that section 1915(g) does not bar pauper status in this case. *Id. Andrews* implicitly allows the court to raise the section 1915(g) problem *sua sponte*, but requires the court to notify the prisoner of the earlier dismissals it considers support a section 1915(g) dismissal and allow the prisoner an opportunity to be heard on the matter before dismissal of the action. *See id.* at 1120. A dismissal under section 1915(g) means that a prisoner cannot proceed with his action as a pauper under section 1915(g), but he still may pursue his claims if he pays the full filing fee at the outset of the action.

## III. ANALYSIS

For the reasons explained below, plaintiff does not appear to be entitled to proceed IFP.

### A. Plaintiff has three strikes.

A review of the dismissal orders in plaintiff's prior prisoner actions reveals that he has had at least three such cases dismissed on the ground that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Plaintiff is now given notice that the court believes the following federal district court dismissals may be counted as dismissals for purposes of section 1915(g):

1. *Cleveland v. Stokes*, No. C 05-3497 JF (PR) (N.D. Cal. Apr. 29, 2008) (order of dismissal for failure to state a claim upon which relief may be granted);
2. *Cleveland v. Kane*, No. C 06-3252 JF (PR) (N.D. Cal. Nov. 2, 2007) (same); and
3. *Cleveland v. Brown*, No. C 14-4277 CRB (PR) (N.D. Cal. Apr. 20, 2015) (same, dismissing initial complaint for failure to state a claim and dismissing case after plaintiff failed to amend).

The Court has evaluated each of these cases based on their dismissal orders. *See Andrews*, 398 F.3d at 1120. Under precedent from the Ninth Circuit, each dismissal counts as a strike. *See Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011) (dismissal for failure to state a claim constitutes a strike); *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir.

4

Case No. 21-CV-03993-LHK
ORDER TO SHOW CAUSE

2017) (where complaint is dismissed with leave to amend, and prisoner fails to amend, the dismissal counts as a strike).

Because of his history of filing frivolous actions, plaintiff simply is not entitled to proceed in forma pauperis.

### B. Plaintiff is not in imminent danger.

Under the law of this Circuit, a plaintiff must be afforded an opportunity to persuade the court that section 1915(g) does not bar IFP status for him. *See Andrews*, 398 F.3d at 1120. As discussed below, plaintiff in the instant case is not entitled to proceed under the imminent danger exception.

Despite having incurred three strikes pursuant to section 1915(g), a plaintiff may still be able to proceed IFP if he can show that he is in imminent danger of serious physical injury. The plaintiff has the burden of proving that he satisfies this exception. The plain language of the imminent danger clause indicates that "imminent danger" is to be assessed at the time of the filing of the complaint. *See Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("*Andrews II*"). It is sufficient if the complaint "makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.*; *see, e.g., id*. at 1055 (allegation that plaintiff was at risk of contracting HIV or hepatitis C was sufficient to bring his complaint within the imminent danger exception); *cf. Medberry v. Butler*, 185 F.3d 1189, 1193 (11th Cir. 1999) (no ongoing danger where plaintiff had been placed in administrative segregation following physical assaults and before he filed his complaint). In the Ninth Circuit, "requiring a prisoner to allege[] an ongoing danger . . . is the most sensible way to interpret the imminency requirement." *Andrews II*, 493 F.3d at 1056 (internal quotation marks omitted).

In addition, the danger must be "clearly related to [the] initial complaint." *Williams v. Paramo*, 775 F.3d 1182, 1190 (9th Cir. 2015) (discussing nexus requirement). The Second Circuit has held that "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g)." *Pettus v. Morgenthau*, 554 F.3d 293, 298 (2d Cir. 2009). The

Ninth Circuit also has recognized that the imminent danger alleged must be sufficiently related to a claim in the complaint for the imminent danger exception to apply. *See Williams*, 775 F.3d at 1190 (finding plaintiff's allegations of ongoing danger – threats to her safety by other inmates – "clearly *related to* her initial complaint" regarding rumors started by defendants) (emphasis added). District courts in the Ninth Circuit accordingly have found that the plaintiff asserting the imminent danger exception must show a nexus between the imminent danger alleged and a claim in the complaint. *See, e.g., Johnson v. Sonoma Cty. Main Adult Det. Facility*, No. 14-cv-05397-CW (PR), 2015 WL 1744281, at *2 (N.D. Cal. Apr. 15, 2015); *Pinson v. Frisk*, No. 13-cv-05502-VC (PR), 2015 WL 738253, at *3 (N.D. Cal. Feb. 20, 2015). In order to qualify for the imminent danger exception, plaintiff must show that: (1) the imminent danger of serious physical injury alleged is fairly traceable to unlawful conduct asserted in the complaint; and (2) a favorable judicial outcome would redress that injury. *See id*.

As noted above, plaintiff alleges that Nurse Mandich violated his Eighth Amendment rights when she refused to treat him on November 26, 2020, and that CNE Mahoi, Correctional Officer Jones, and Nurses Simon and Perry acted with deliberate indifference when they conspired to cover up Nurse Mandich's wrongdoing. *See* Compl. at 15-17. The Complaint was filed nearly six months after the events complained of, *see id*. at 21, and the alleged wrongs are past, rather than imminent, harms. *See Andrews II*, 493 F.3d at 1053 ("imminent danger" is to be assessed at the time of the filing of the complaint). Plaintiff does not allege that Nurse Mandich, or any other official at CTF, currently refuses to treat plaintiff's medical needs. *See generally,* Compl. Any future health risks plaintiff faces from Covid-19 cannot be attributed to Nurse Mandich's actions, as plaintiff had already contracted Covid-19 before his November 26, 2020 interaction with Nurse Mandich. *See id*. at 10-11 (making clear that plaintiff already had Covid-19, and was already on G-Wing with other infected inmates, before he sought treatment from Nurse Mandich). As a further illustration that plaintiff seeks compensation for past harm rather than amelioration of present or future danger, the only forward-seeking relief plaintiff seeks is for Nurse Mandich to be placed "under investigation" for her alleged wrongdoing. *Id*. at 3. This request plainly aims to

punish Nurse Mandich rather than to protect plaintiff from any harm. Plaintiff has failed to identify any imminent danger that he faced at the time he filed the Complaint.

Because plaintiff has three or more strikes and does not qualify for the imminent danger exception, 28 U.S.C. § 1915(g) bars plaintiff from proceeding IFP.

## IV.   CONCLUSION

In light of plaintiff's strikes, and because plaintiff is not under imminent danger of physical injury, *see Andrews II*, 493 F.3d at 1053, plaintiff is ORDERED TO SHOW CAUSE in writing no later than thirty (30) days from the date of this order why his motion for leave to proceed IFP should not be denied and this action should not be dismissed pursuant to 28 U.S.C. § 1915(g). If plaintiff responds to this Order but the Court concludes that plaintiff is not entitled to proceed IFP, the Court will dismiss this action.

If plaintiff is so inclined, he may avoid dismissal by paying the filing fee. In any event, the Court will continue to review under section 1915(g) all future actions filed by plaintiff while he is incarcerated and in which he seeks IFP status. However, the Court notes for plaintiff's benefit that this Order does not reach the merits of plaintiff's claims. Even if plaintiff pays the filing fee, the Court may still dismiss the Complaint on the merits.

Failure to file a timely and persuasive response or failure to pay the full filing fee will result in the dismissal of this action without further notice to plaintiff.

**IT IS SO ORDERED.**

DATED: December 9, 2021

_____
LUCY H. KOH
UNITED STATES DISTRICT JUDGE